MURRAY AXELROD et al., Plaintiffs, v. 11 RIVERSIDE DRIVE CORP. et al., Defendants.

Supreme Court, Special Term, New York County, October 24, 1952.

*Jesse Friedman* for 11 Riverside Drive Corp., defendant.

*Jacob Rassner* for plaintiffs.

EDER, J. Motion for judgment on the pleadings dismissing the amended complaint is granted and amended complaint is dismissed.

The plaintiffs, tenants of the apartment house No. 11 Riverside Drive, bring this action against the owner, who was also

the builder, and the suit is also against the operators of the building.

In brief, the plaintiffs charge that fraud was practiced by the defendants in inducing the plaintiffs to become tenants of the building. The amended complaint sets forth a separate cause of action for each plaintiff; the first cause of action sets forth the allegations in formal manner, including the alleged false representations and warranties. Each of the other causes of action repeats and realleges the allegations of the first cause of action as if fully and at length set forth therein; in each instance the same amount of damage is claimed.

There are four defendants but it is observed that the instant motion is made by and on behalf of the defendant " 11 Riverside Drive Corp.", the owner.

The answer of said movant, after interposing denials to divers allegations of the amended complaint, sets up four separate defenses to each cause of action.

The first defense alleges that on or about January 22, 1951, the plaintiff Axelrod entered into a written lease for the apartment occupied by such plaintiff; a copy of the lease, marked Exhibit " A ", is annexed to the answer, and it is alleged that by reason of the provisions of the lease, all conversations, negotiations and representations allegedly made by movant or its agents are merged in the writing. That all plaintiffs entered into identical leases except for the dates thereof.

The second defense alleges that about March 1, 1951, and subsequent to the making of the representations alleged in the complaint to have been made by the defendants, and with full knowledge of all the facts alleged in the amended complaint, the plaintiffs duly waived such alleged fraud and misrepresentation by moving into the demised premises and the acceptance and retention of possession of their respective apartments uninterruptedly to date.

The third separate defense alleges that the representations and warranties alleged to have been made by the said defendant consisted of expressions of opinion and were promissory in nature.

The fourth separate defense pleads by way of diminution of damages that defendant agrees to forthwith enter into agreements in writing with plaintiffs or any of them to cancel and surrender their respective leases and to release them from any further liability thereunder. This last defense is of no concern on the instant motion.

The movant attacks the amended complaint as being legally insufficient in that fraud cannot be based upon opinions or representations promissory and contractual in nature, and maintains that each cause of action pleaded is within that category and cannot be maintained.

For the purpose of this motion the court will assume, *arguendo,* that the amended complaint is legally sufficient and sets forth a maintainable cause of action in each instance.

The next feature for consideration is the legal effect of the mentioned separate defenses. If any one of them is of a decisive character barring any right of action or recovery by plaintiffs, then the motion must be granted and the amended complaint finally dismissed and the action finally terminated.

The lease annexed to the answer as Exhibit '' A '', provides, in paragraph '' 18 '' thereof, that the landlord or landlord's agents have made no representations or promises with respect to the said building or demised premises except as in said lease expressly set forth. It is therein further provided and declared that: '' The taking possession of the demised premises by tenant shall be *conclusive evidence,* as against tenant, that said premises and the building of which the same form a part were in *good* and *satisfactory condition* at the *time* such possession was so taken.'' (Italics mine.)

Paragraph '' 22 '' of the lease provides that the lease contains the entire agreement between the parties, and any executory agreement thereafter made shall be ineffective to change, modify or discharge it in whole or in part unless such executory agreement is in writing and signed by the party against whom enforcement of the change, modification or discharge is sought.

Movant cites *Fogelson* v. *Rackfay Constr. Co.* (300 N. Y. 334) and contends that by virtue of the views there expressed, and ruling made, plaintiffs are decisively barred from any right of recovery predicated on the alleged false representations and warranties set forth in the amended complaint, and that plaintiffs cannot resort thereto in view of the said provision in paragraph '' 18 '' of the lease as to the making of representations or promises with respect to the building or demised premises, except as in the lease expressly set forth, and the provision in paragraph '' 22 '' of the lease that it contains the entire agreement between the parties.

It has its measure of merit.

But it is the view of this court that irrespective whether or not the mentioned citation is one of decisive character (and

movant contends it is determinative), the provision in paragraph " 18 " of the lease declaring that the taking possession of the demised premises by the tenant shall be " *conclusive evidence* ", as against the tenant that the premises leased to him and the building of which the same form a part were " *in good and satisfactory condition at the time such possession was so taken* ", is decisive and conclusively estops the plaintiffs from ever again asserting the converse; the parties themselves have expressly contracted and unequivocally declared and agreed that the said provision constitutes and is " conclusive evidence " of the fact.

No case has been cited that such a provision and express contractual declaration and effect are not enforcible and binding, and independent research has not disclosed any. They should, therefore, be given force and effect and full recognition.

It is the opinion of the court that said provision and contractual declaration constitute a perpetual estoppel to the causes of action alleged in the amended complaint and are a conclusive bar to any right of action or recovery.

While final disposition after trial is generally preferable to summary determination, nonetheless, the court must adhere and conform to settled rules of law and make summary disposition where recovery is shown to be legally impossible.

After due reflection it is the ultimate conclusion of the court that in the mentioned situation final dismissal of the amended complaint must be directed, and, in consequence, leave to serve a further complaint is not given.

Settle order.